**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John Rodney CARD, Defendant-Appellant.**

**No. 72–1897**
**Summary Calendar.**[*]

United States Court of Appeals, Fifth Circuit.

Dec. 6, 1972.

Rehearing Denied Jan. 4, 1973.

Certiorari Denied April 2, 1973. See 93 S.Ct. 1547.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

C. Anthony Friloux, Jr., Houston, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Wayne H. Paris, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

The defendant-appellant, John Rodney Card, appeals from his conviction on three counts of mail fraud in violation of 18 U.S.C. § 1341. We affirm.

Card's first contention is that his conviction should be reversed because the Government allegedly failed to disclose the names of its witnesses prior to trial. It is well established that in noncapital cases the Government is under no obligation to disclose the names of witnesses. United States v. Persico, 2 Cir. 1970, 425 F.2d 1375, cert. denied, 400 U.S. 869, 91 S.Ct. 102, 27 L.Ed.2d 108. In the present case, however, the court in its discretion issued an order requiring disclosure, and the Government subsequently revealed the names of twenty prospective witnesses. Since there was no showing that the witnesses testifying for the Government were not among those whose names had been disclosed, we conclude that the contention is without merit.

Card's second contention is that he was denied a speedy trial. The record indicates that he was tried within six months of the indictment. He was at liberty on bond during this period and made no demand for a trial. Furthermore, the defendant has not shown that he was prejudiced by the delay. We must conclude, therefore, that the appellant has made no showing that he was denied his right to a speedy trial. United States v. Dyson, 5 Cir. 1972, 469 F.2d 735; Barker v. Wingo, 1972, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101.

The appellant also contends that he was prejudiced by the dismissal of the original complaint against him because he subsequently threw away or lost certain records that would have been beneficial to the defense. There is

no indication, however, what these records were or that the Government ever suggested to him that his prosecution had been abandoned or that he could safely destroy any documents. Thus, there is no basis for holding that the Government should have been estopped from further prosecution.

 The appellant's final contention is that the trial court erred in refusing to permit him to inquire into the prosecuting attorney's alleged negligence in dismissing the original complaint against the appellant. The appellant, however, failed to show the relevancy of this issue, and the trial court properly excluded it as a collateral matter.

The decision of the trial court must be affirmed.